## COLLINS v. YOUNG.

### (Filed 7 March, 1928.)

CIVIL ACTION before *Lyon, Emergency Judge,* at October Term, 1927, of HARNETT.

The plaintiff is the owner of the southern half of lot No. 2, Block B, as shown on the plan of the town of Angier. The defendant is the owner of the northern portion of lot No. 1 in said block. Lots 1 and 2 adjoin. After purchasing the land plaintiff erected a two-story brick building thereon and offered evidence tending to show that at the time his brick building was erected he set his northern wall six inches from his line. The defendant, who owns a lot to the south of plaintiff's lot, began the erection of a brick building and proposed to locate the northern wall of his building along the line of plaintiff's wall. Thereupon the plaintiff instituted this suit to restrain the defendant from erecting said wall upon the ground that the defendant's wall would overlap plaintiff's land six inches, "thereby placing about six inches of the defendant's building on the land of plaintiff, . . . which acts on the part of the defendant will deprive plaintiff of his property rights in said strip of land without due process of law and to his great danger and damage." The defendant denied that the six inches of land in dispute belonged to the plaintiff, alleging that he was the owner of the six-inch strip of land.

The court submitted to the jury the following issue: "Is the plaintiff the owner of the six inches of land in dispute?"

The jury answered the issue "No," and from judgment upon the verdict plaintiff appealed.

*Dupree & Strickland and Young & Young for plaintiff.*
*J. R. Baggett and J. C. Clifford for defendant.*

PER CURIAM. The plaintiff arrived at his true corner by measuring from the hub of the town, which was an iron stake or pin set in the ground about the corner of the McLeod building. The surveyor appointed by the court testified that the hub was the proper beginning point to locate any lot in the town of Angier, but testified further: "I could not find the hub, although I had it dug for. A brick wall was located at that point, but the hub or iron stake seemed to be missing." Other witnesses for plaintiff testified that they knew the location of the hub, and that the hub was at the corner of the McLeod building.

The judge charged the jury as follows: "So the burden in this case, gentlemen of the jury, is on the plaintiff to satisfy you from the evidence and by the greater weight of the evidence, that he is the owner of the six inches of land in dispute. That is all there is in dispute, six inches, between the lots or on the lots of plaintiff and defendant."

There was no specific exception to this charge.

Furthermore, the complaint alleged that the construction of the brick building, as proposed by the defendant, would overlap plaintiff's line about six inches and would deprive plaintiff "of his property rights in said strip of land without due process of law."

Construing together the pleadings, the charge of the court, and the issue submitted, it is obvious that an issue of fact only was presented. The jury has answered this issue adverse to the plaintiff, and we find no error in the record warranting a new trial.

No error.